**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

R. F. J., Estate of deceased minor child, R. F., Estate of deceased minor child, J. F., Estate of deceased minor child, BRIAN CABREY, attorney ad litem and next friend of H.F., a minor child, and RICHARD FOWLER, individually,

    Plaintiffs,

v.

Case No. 3:15-cv-1184-J-32JBT

FLORIDA DEPARTMENT OF CHILDREN AND FAMILIES, a governmental agency of the State of Florida, REGINALD BRADY, individually, and BRUCE PERRY, individually,

    Defendants.

---

# **O R D E R**

Three young children tragically perished in a house fire along with their grandmother; a fourth child narrowly escaped with serious injuries. Earlier that morning Florida Department of Children and Families ("DCF") employees directed the children's grandmother, who had a known history of serious mental illness, to take custody of the children. The surviving child, the estates of the three deceased children, and the children's mother filed suit against DCF,

Reginald Brady (a DCF Child Protective Investigator) and Bruce Perry (Brady's supervisor). By Order dated July 16, 2019 (Doc. 135), this Court dismissed all 42 U.S.C. § 1983 claims (Counts One through Ten) against Defendants Reginald Brady and Bruce Perry, finding them entitled to qualified immunity. This ruling ended the case as to Brady and Perry in this Court. However, still pending are two state law claims against DCF. Plaintiffs seek certification for entry of judgment pursuant to Federal Rule of Civil Procedure 54(b) so that they may immediately appeal this Court's qualified immunity ruling. While DCF does not oppose the Rule 54(b) certification (Doc. 140), Brady and Perry do (Doc. 141).

To obtain certification under Rule 54(b) there must be (1) a final judgment disposing of at least one party or claim, and (2) a determination by this Court that there is "no just reason for delay". See Curtiss–Wright Corp. v. Gen. Elec. Co., 446 U.S. 1, 6–7 (1980). The Court's July 16, 2019 Order disposes of all claims against Brady and Perry, thus, the question is whether there is any just reason for delay. The Court recognizes that Rule 54(b) certifications are granted sparingly to avoid piecemeal appeals but determines this to be an appropriate case. The Court has concluded that both Brady and Perry are entitled to qualified immunity and has dismissed all claims against them with prejudice. Neither Section 1983 nor any claims against Brady and Perry will be relevant to the remaining state law claims against DCF. Accordingly, the immediate

appeal of this Court's Order dismissing Brady and Perry is discrete from the remaining state law claims, as evidenced by the remaining defendant, DCF, not opposing the Rule 54(b) certification. Moreover, contrary to Brady and Perry's position, the resolution of the state law claims will not impact the appeal concerning the Section 1983 claims. The Court finds no just reason to delay entry of final judgment in favor of Brady and Perry.

It is hereby,

**ORDERED:**

1. Plaintiffs' Motion for Certification and Entry of Judgment Pursuant to Fed. R. Civ. P. 54(b) (Doc. 139) is **GRANTED**.

2. Pursuant to the Court's July 16, 2019 Order dismissing with prejudice Counts One through Ten of the Third Amended Complaint, the Clerk shall enter judgment in favor of defendants Reginald Brady and Bruce Perry and against Plaintiffs.

**DONE AND ORDERED** in Jacksonville, Florida this 8th day of October, 2019.

TIMOTHY J. CORRIGAN
United States District Judge

md
Copies:

3

Counsel of record

4